## John T. G. Pike vs. Charles W. Brown.

When a deed of land, subject to a mortgage previously made by the grantor, ex-
presses that the sum secured by the mortgage is part of the consideration of the
deed, and that the deed is made on condition that the grantee shall assume and
pay the mortgage debt and the interest thereon, as they severally become due
and payable; and the grantee enters upon and holds the estate, and does not
pay the interest when it falls due; the grantor, after paying the interest on de-
mand of the mortgagee, may maintain assumpsit against the grantee to recover the
amount so paid.

Writ of Review.    The case was argued at the last
November term, by *I. W. Richardson*, for the plaintiff in re-
view, and by *H. C. Hutchins*, for the defendant in review.    The
opinion of the court exhibits all the facts.

Shaw, C. J.   This case comes up on a writ of review, granted
on petition, to enable the plaintiff in review, defendant in the
original action, to correct and set aside, if he can, a judgment
recovered by Brown against him.

The original action was assumpsit to recover a sum of
money, alleged to be due to him from the original defendant
on these grounds : Brown, by deed poll, expressed to be in
consideration of $4000, conveyed an estate to Pike, desig-
nated as a house and lot on South Cove, and described as
being subject to a mortgage, to secure Brown's note to one
Walker, for $2,825, payable in four years, with an amount of
interest specified, payable semiannually ; " which said sum is
part of the consideration before named, and this deed is on
condition that said Pike shall assume and pay said note and
the interest thereon, as they severally become due and payable."
It appears by the case, that Pike entered upon and took posses-
sion of the estate conveyed, and held it till a half year's inte-
rest became due ; he did not pay it, but Brown, being liable
for it on his note, was called upon to pay it and did pay it to
the mortgagee, and brought this action of assumpsit to recover
it.

The court are of opinion that this action can be maintained.
The principle, is well settled, that where one, by deed poll,

grants land, and conveys any right, title or interest in real estate to another, and where there is any money to be paid by the grantee to the grantor, or any other debt or duty to be performed by the grantee to the grantor, or for his use and benefit, and the grantee accepts the deed and enters on the estate, the grantee becomes bound to make such payment, or perform such duty, and not having sealed the instrument, he is not bound by it as a deed; but it being a duty, the law implies a promise to perform it, upon which promise, in case of failure, assumpsit will lie.

The most common and familiar case is that of a lease, or the creation of a term by deed poll, one of the stipulations of which is, that the lessee pay certain rents at certain times. The lessee does not contract by deed, but from the rent reserved the law implies a promise. It seems impossible to distinguish this case from that of *Goodwin* v. *Gilbert*, 9 Mass 510. The counsel for the defendant, supposed that the mar ginal note to that case announced a principle not warranted by the case. We can see no such discrepancy. The case stated certain facts and circumstances, upon which it was contended that the promise arose; the marginal note announced the general principle to be extracted from the case. The statement of the general principle would, of course, avoid all the particular circumstances, which were immaterial, and could not affect the result. This appears to be the only discrepancy between the marginal note and the detailed case. This case was referred to, with approbation, in a later case, in which the general principle above mentioned is restated. *Felch* v. *Taylor*, 13 Pick. 133. That was the assignment of a lease; this is the transfer of an equity of redemption. Each is an interest in land, and each is transferred, by deed poll, to an assignee, on the terms of paying money or doing some duty. There it was to pay money to a third person, which the grantor had covenanted to pay; here it was to pay the principal and interest of the grantor's note, and exonerate him from such payment.

Again; if we look at the intention of the parties, it seems to us the result is the same. The deed was in form not the

conveyance of an equity of redemption, but a, conveyance of the estate, though, in legal effect, it conveyed an equity of re-demption.　The consideration for the entire estate was $4000, of which Brown's mortgage to Walker was a part, which the defendant assumed and undertook to pay, as part of such consideration.　Such payment, when made according to such stipulation, would relieve the plaintiff from his personal obli-gation to Walker and release the estate from the lien upon it. A stipulation to pay my debt, on a valuable consideration moving from me, accepted by me, in place of so much money, is a promise to me, to indemnify me, and to reimburse me, if, not complying with his undertaking to pay it, he leaves me liable on my note, which I pay on demand.

It was urged on the consideration of the court, that this was a condition affecting the estate, and not creating a personal liability; and that if the grantee failed to perform the condition, the grantor's only remedy was a forfeiture. We think this is not so.　If a condition at all, it is a condi-tion subsequent, which might operate as a breach, and warrant a reëntry for condition broken.　But if the grantor has this remedy, it is collateral only, and far from being adequate. Take again the case of a lease by deed poll, the lessee "yielding and paying" rent, &c.　These words are held to constitute both a condition and an obligation.　It would af-ford a poor remedy, if, after the enjoyment of the estate by the lessee for several terms, say years or quarters, the lessor could only take the estate back again.　No; all such words are to be construed according to the subject matter, and if they are such as ordinarily imply stipulation or undertaking, they create an implied promise, although they are also words of condition.　In *Goodwin* v. *Gilbert*, the words in the deed poll, in which the duty was reserved, are not given; but in the case last cited, of *Felch* v. *Taylor*, 13 Pick. 133, the words in the devise, which stands on the same footing with a deed poll, were "upon condition that the said Daniel do pay," &c., and afterwards in the deed of the devisee to a third person, "ex-cepting same condition;" it was held, in both instances, to create a debt or duty on which assumpsit would lie.

It was insisted, that this promise, if it existed at all, was a promise to pay the debt of another, and so void by the statute of frauds, if not made in writing; also that it concerned real estate, and so was void under another clause of the same statute. We think neither objection tenable. Although the consideration of this promise was a conveyance of real estate, it was a consideration past and executed, and the promise remained a simple obligation to pay money. As to the other objection, that it was a promise to pay the debt of another, the substance of the contract with the plaintiff was on a consideration moving from him, to pay his debt, for his benefit, and to exonerate him, and was no less a direct promise to the plaintiff, because, in the performance of it, it would satisfy a debt due to another. Besides; promises implied by law are not within the statute.

*Judgment affirmed, with additional interest and costs of review.*